UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NICOLE HOIER EVERSON,

        Plaintiff,

  v.

ANDREW SAUL,

        Defendant.

Case No. 21-cv-716-pp

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)**

---

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

      To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's request indicates that she is employed (although she later states that she had only been working for a month), she is married, and she has four children between the ages of 3 and 14 that she is responsible for supporting. Dkt. No. 3 at 1-2. The plaintiff's employment income is $1,658 per month and her spouse's employment income

1

is $2,105 per month. Id. at 2. Additionally, the plaintiff receives $300 per month in child support and $921 per month in Food Share. Id. The plaintiff's total monthly income is $4,984. The plaintiff's listed monthly expenses total $4,333.67 ($1,000 mortgage, $292 car payments, $425 credit card payments, $250 utilities, $1,000 groceries, $200 clothing, $180 cell phone, $16.67 internet, $250 medical costs, $50 streaming services, $100 toiletries, $100 pet supplies, $150 gas, $320 child care). Id. at 2-3. The plaintiff and her spouse own their home, with approximate equity of $2,421.62; they own a 2012 Chevy Sonic, worth approximately $5,000, and a 2012 Ford F350, worth approximately $15,000; they own no other property of value; and the plaintiff's checking account is overdrawn by $24. Id. at 3-4. The plaintiff states, "I have been using credit cards to make ends meet for most of the last year. We have a total consolidated credit card debt of $23,000.00." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $52 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct

legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The complaint indicates that the plaintiff was denied Social Security benefits for lack of disability, that she is disabled, and that the conclusions and findings of fact by the Commissioner when denying benefits are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 1. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 22nd day of June, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**